Mathews, J.
delivered the opinion of the court. This is a case, in which the appellees, who were plaintiffs in the court below, claim á preference over other creditors, on the property of their father and natural tutor, to the amount of the dowry and matrimonial acquets and gains of their deceased mother.
So far as it relates to the dowry, their right of priviledge and preference is not disputéd. But, it is contended, on the part of the defendants, that they ought not to be preferred to creditors of their father, merely personal, for the amount of the acquets; because there is no evidence of there being any at the death of the mother — and because the tacit mortgage, given by law to minors, on tne property of their tutors, takes effect only from the completion of the inventory, and, in the present case, no inventory was made.
The first ground of opposition rests principally on matter of fact, and although, with a little more industry, on the part of the plaintiffs, it ié very probable that fuller and more satisfactory proof of the amount of property possessed by; *362 the father, at the death of the mother, might have been obtained ; yet it is believed that suffi-cieni evidence has been adduced to shew that.it - exceeded the sum for which judgment has been ... ,. rendered in the district court.
It is true, that there is no testimony, shewing that this property was acquired during the manage, but on the dissolution of the community every thing holden by the husband and wife is to be presumed common, unless proof of its being particular be exhibited. Nueva Recop. 5, 9, 1.
As to the second objection to the plaintiffs’ right of preference, it is necessary first to deter^mine by what laws the case is to be determined, by the present code or by the ancient laws of the county, should they differ ; of which it is needless to enquire, as we believe, from the evidence in the case, that the rights of the plaintiffs originated before the promulgation of the code, and <hat they must be ascertained according to the laws, which previously governed the community.
The tacit mortgage, which is giren by these laws oft tire property of tutors and curators, id favor of minors, began to Operate with the tutorship, Which takes place in various ways, either %⅜⅜ appoint ment of t he |u<lge, by will Or by ná* *363 ture. A father, being natural tutor, has no need of me interference of courts of justice to assume tire rights and priviledges which belong to the office. With the commencement pf Abese most also begin the legal mortgage on his property, for the faithful and dne performance of his duties. This hypothecation is allowed, even against thuse who interfere with the estates of minors without any species of authority. Febrero, "i, 3, 3, $ S, n. 53.
,iMorel for the plaintiffs, for the defendants. ⅞!
On this view of the subject, we are of opinion that the tacit mortgage claimed by the plaintiffs has existed since the death of their mother, and that, although their claim carries with it no pri-viiedge over other mortgage creditors, it gives them a preference to mere personal creditors. ^
We are also of opinion, that, the court below was correct in allowing to one of the defendants the amount, secured %y a mortgage anterior ip date to that of the plaintiffs.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed: the costs of this appeal to be borae equally by the parlies, as they have chosen, in .the statement of facts, to be both considered as appellants.